Dear Chief Spizale:
This office is in receipt of your recent opinion request, which has been assigned to me for research and reply. We quote the issues for our resolution as stated in your letter:
 1. May the Gramercy Board of Alderman utilize federal grant money to contract with the St. James Parish Sheriff's Office for a deputy to serve the Town of Gramercy?
 2. Would City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989), apply to a situation where a town contracted with a sheriff's office for law enforcement services?
 3. May an individual hold the position of deputy sheriff and be employed as a police officer by the Town of Gramercy?
We answer your first question in the affirmative, and direct your attention to LSA-R.S. 33:1324 which provides in pertinent part:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 (1) Police, fire, and health protection.
(Emphasis added).
It remains the opinion of this office that a municipality may enter into an intergovernmental agreement for a sheriff to perform law enforcement services within the municipality. We enclose a copy of Attorney General Opinion 93-283, in which the author reached a similar conclusion. Your concerns regarding the legality of using COPS grant funds to contract with the sheriff's office have been appropriately addressed by the U.S. Department of Justice in correspondence to you dated June 20, 1997, in which the Associate General Counsel stated "it is nonetheless correct that one acceptable way to implement a COPS hiring grant is to use the grant funds to contract for the service of an officer from another law enforcement agency."
In response to your second question, the court's decision in City of Canton v. Harris, 489 U.S. 378 109 S.Ct. 1197 (1989), stands for the proposition that a municipality can be held liable in civil rights actions under federal law for constitutional violations resulting from the municipality's failure to train adequately its police employees. We refrain from speculating as to the applicability of Canton herein, solely on the basis of the municipality's alleged failure to fill the position, as you suggest.
In response to your third question, note that a special statute exists governing the issuance of sheriff's commissions to municipal law enforcement officers:
§ 1435.1 Sheriff's commissions for municipal law enforcement officers; issuance
 A. Notwithstanding any other provision of law to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Application for such commission shall be made only by the chief law enforcement officer of a municipality or other political subdivision. A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such manner as the sheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or performs only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
 B. Municipal policemen, commissioned as herein provided, shall not be considered a deputy for any other purpose, and shall be treated for all purposes as a municipal policeman when acting pursuant to said commission; and any bond, insurance coverage, or professional liability for any municipal policeman commissioned hereunder shall be paid by the municipality for which he is a municipal policeman.
We hope the foregoing sufficiently answers your questions, but should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams